IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PABLO FRIAS VERGARA, | § | |
| Reg. No. 14021-051, | § | |
|     Movant, | § | |
| | § | EP-16-CV-394-KC |
| V. | § | EP-14-CR-222-KC-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pablo Frias Vergara seeks relief from the 75-month sentence imposed by the Court after he pleaded guilty to conspiring to possess and possessing more than 100 kilograms of marijuana through a "Motion Pursuant to 28 U.S.C. Section 2255 in light of *United States v. Quintero–Leyva*"[1] (ECF No. 68).[2] Vergara asks the Court to resentence him as a "minor" participant in the criminal activity under Amendment 794 to the Sentencing Guidelines. For the reasons outlined below, the Court will deny Vergara's motion. The Court will additionally deny Vergara a certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

On February 19, 2013, Customs and Border Protection officers arrested Palma Lyon at the Ysleta Port of Entry in El Paso, Texas, after discovering 481.31 kilograms of marijuana

---

[1] *United States v. Quintero–Leyva*, 823 F.3d 519 (9th Cir. 2016).

[2] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-14-CR-222-KC-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

concealed in the quarter panel of the 1998 Dodge Ram she was driving. Upon acknowledging her constitutional rights, Lyon told the investigating agents that Pablo Frias Vergara had offered her $500 to smuggle the marijuana into the United States from Mexico. Lyon explained that she had traveled with Vergara from Socorro, New Mexico, to Ciudad Juarez, Chihuahua, Mexico, where they met two men with the Dodge Ram. She added Vergara instructed her to drive the Dodge Ram, follow him across the international border, and drop off the truck at a hotel in El Paso. Lyon indicated that upon dropping off the truck, she and Vergara were to return to Socorro.

During an interview with police officers in Socorro, Vergara claimed that he knew about smuggling drugs from Mexico. During a subsequent interview with federal agents, Vergara admitted that he had negotiated a $5,000 fee to smuggle the marijuana into the United States on February 19, 2013.

A grand jury returned a two-count indictment charging Vergara with conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana ("count one") and possessing with the intent to distribute more than 100 kilograms of marijuana ("count two"). Vergara pleaded guilty to both counts without the benefit of a plea agreement.[3]

The probation officer who prepared the presentence investigation report recommended a guideline imprisonment range of 100 to 125 months based on a total offense level of 27 and a criminal history category of IV.[4] Vergara's counsel objected to a two-level upward adjustment in the base offense level for Vergara's aggravating role as a leader in the offense.[5] The Court

---

[3] Minute Entry for Arraignment, Nov. 5, 2014, ECF No. 42.

[4] Revised Presentence Investigation Report ¶ 80, Mar. 2, 2015, ECF No. 47-1.

[5] Def.'s Obj. 1-3, Feb. 24, 2015, ECF No. 46-3.

listened to the arguments of counsel and sentenced Vergara below the guidelines range to 75 months' imprisonment followed by five years' supervised release. Vergara did not appeal.

In his § 2255 motion, Vergara asks the Court to resentence him as a "minor" participant pursuant to Amendment 794 to the Sentencing Guidelines.[6] He argues *United States v. Quintero–Leyva*[7] made Amendment 794 retroactively applicable to his case.[8]

## APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"[9] Relief under § 2255 is warranted for errors that occurred at trial or at sentencing.[10] Before a court will grant relief, a movant must establish that (1) her "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[11] Ultimately, the movant bears the burden of establishing her claims of error by a preponderance of the evidence.[12] "If it plainly

---

[6] Mot. to Vacate 2, Aug. 29, 2016, ECF No. 68.

[7] *See United States v. Quintero–Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) ("Amendment 794 applies retroactively to direct appeals.").

[8] Mot. to Vacate 1.

[9] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[10] *See Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[11] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[12] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

appears from the motion … and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion …"[13]

## ANALYSIS

In his § 2255 motion, Vergara asks the Court to resentence him as a "minor" participant under Amendment 794 to the Sentencing Guidelines.[14] He argues that *United States v. Quintero–Leyva*[15] made Amendment 794 retroactively applicable to his case on collateral review.[16] He maintains he "had no decision-making authority in the criminal activity. He did not plan or organize the criminal activity."[17]

The Court finds Vergara is not entitled to § 2255 relief for three reasons.

First, the United States Sentencing Commission modified the commentary to Sentencing Guideline § 3B1.2 through Amendment 794 to address inconsistencies in the application of the guideline and to provide the district courts with additional guidance in determining whether they should grant "minor role" adjustments.[18] In *United States v. Quintero–Leyva*, the Ninth Circuit held that Amendment 794 applied retroactively to cases on *direct* appeal within the Ninth

---

[13] 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b) (2012); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence–and not necessarily direct evidence–that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[14] Mot. to Vacate 2, Aug. 15, 2016, ECF No. 68.

[15] 823 F.3d 519, 524 (9th Cir. 2016).

[16] Mot. to Vacate 1.

[17] *Id.* at 3.

[18] U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

Circuit.[19]  *Quintero–Leyva* did not, however, make Amendment 794 retroactively applicable to cases on direct appeal or on collateral review under § 2255 in the Fifth Circuit.

Second, the Court sentenced Vergara on April 27, 2015,[20] well before Amendment 794 became effective on November 1, 2015.[21]  The Sentencing Guidelines list all amendments eligible for retroactive effect.[22]  If an amendment is not listed, a retroactive sentence reduction is not authorized.[23]  The list does not include Amendment 794.[24]

Finally, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."[25]  Thus, a district court's failure to apply the modified commentary to Sentencing Guideline § 3B1.2 to determine whether to grant a "minor role" downward adjustment to a base offense level would not implicate any constitutional issues.

It plainly appears from Vergara's motion and the record of prior proceedings that he is not entitled to § 2255 relief.

---

[19] 823 F.3d 519, 523-243 (9th Cir. 2016).

[20] J., Apr. 28, 2015, ECF No. 59.

[21] U.S. SENTENCING GUIDELINES MANUAL, suppl. to app. C, amend. 794 (U.S. SENTENCING COMM'N 2015).

[22] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d) (U.S. SENTENCING COMM'N 2015).

[23] *See United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) ("[18 U.S.C.] 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. ... The applicable policy statement is [Sentencing Guideline] § 1B1.10.") (citing *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996)).

[24] *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(d) (U.S. SENTENCING COMM'N 2015).

[25] *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994).

**EVIDENTIARY HEARING**

A motion brought pursuant to § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[26] The record in this case is adequate to dispose fully and fairly of Vergara's claim. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

**CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[27] "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[28] In cases where a district court rejects a movant's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[29] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, a movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[30] Here, Vergara's motion fails because he has not

---

[26] *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[27] 28 U.S.C. § 2253(c)(1)(B).

[28] *Id.* § 2253(c)(2).

[29] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[30] *Slack*, 529 U.S. at 484.

identified a transgression of his constitutional rights.  Accordingly, the Court will not grant Vergara a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes it should deny Vergara's § 2255 motion, and dismiss his civil cause without a hearing, because it plainly appears from his motion and the record of prior proceedings that he is not entitled to relief.[31]  The Court further concludes that Vergara is not entitled to a certificate of appealability.[32]  The Court, therefore, enters the following orders:

**IT IS ORDERED** that Movant Pablo Frias Vergara's "Motion Pursuant to 28 U.S.C. Section 2255 in light of *United States v. Quintero–Leyva*" (ECF No. 68)  is **DENIED**, and his civil cause, EP-16-CV-394-KC, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Pablo Frias Vergara is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the District Clerk shall close this case.

**SO ORDERED.**

**SIGNED this 30th day of September, 2016.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**

---

[31] *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[32] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").